UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES BRTALIK,

                            Plaintiff,                           **MEMORANDUM AND ORDER**

        -against-                                        CV 10-10 (ARL)

SOUTH HUNTINGTON UNION FREE
SCHOOL DISTRICT,

                            Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

The plaintiff, James Brtalik ("Brtalik"), commenced this employment discrimination action against the defendant, South Huntington Union Free School District ("the School District"), alleging federal claims pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12102 (the "ADA") as well as state law claims pursuant to the New York State Human Rights Law (the "NYSHRL"). The parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636. Before the court is the defendant's motion for summary judgment and the plaintiff's cross-motion for partial summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the reasons set forth below, the defendant's motion is granted and the plaintiff's motion is denied.

BACKGROUND

**A. Brtalik's Employment History**

In 1988, Brtalik was hired by the School District as a Instructional Media Center Technician, commonly referred to as an Audio-Visual Technician. Def. 56.1 Stmt. ¶ 3; Pl. 56.1

Ctr. Stmt. ¶ 3.[1]  Brtalik's job responsibilities include supplying and setting up equipment and facilitating audio-visual functions and activities that take place in the School District.  Def. 56.1 Stmt. ¶ 4.  A part of Brtalik's duties includes carrying audio-visual equipment typically weighing about 20 pounds.  Def. 56.1 Stmt. ¶ 5; Pl. 56.1 Ctr. Stmt. ¶5.  Brtalik continues to be employed by the School District.

The factual backdrop of this motion centers on Brtalik's June 29, 2009 colonoscopy/polypectomy procedure.[2]  Def. 56.1 Stmt. ¶ 17.  During the procedure, a benign rectal polyp was removed and the doctor reported his finding of internal hemorrhoids.  Pl. 56.1 Ctr. Stmt. ¶ 23.  Upon completion of the colonoscopy, the doctor furnished Brtalik with a note restricting him to light duty and no heavy lifting for a period of two weeks.  *Id.* at § 25.  When Brtalik returned to work the following day he was informed that a light duty assignment was not available and that he would be required to use sick time.  *Id.* at § 70.  Brtalik asserts that he has suffered from hemorrhoids since 1994 and continues to experience hemorrhoids requiring him to apply medication to treat his symptoms including, among other things, Preparation H.  *Id.* at § 29.

---

[1]The material facts, drawn from the Complaint and the parties' Local 56.1 Statements, are construed in the light most favorable to the non-moving party, except as otherwise noted.  *See Iannuzzi v. American Mortg. Network, Inc.*, 727 F. Supp. 2d 125, 130-31 (E.D.N.Y. 2010).  The court notes that the plaintiff's Rule 56.1 counter-statement contests many of the facts in the defendant's Rule 56.1 Statement.  The court has carefully reviewed the plaintiff's counter-statements and finds that, for the most part, the counter-statements supplement the defendant's statements or dispute the admissibility of the evidence relied upon.  Where necessary the court will address the plaintiff's objections.

[2]Brtalik's complaint alleges a series of earlier disabilities which will be addressed below.

### B. Procedural History

On August 28, 2009, Brtalik filed a Charge of Discrimination based on disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Def. 56.1 Stmt. ¶ 1.[3] The EEOC Charge sets forth a series of disabilities that Brtalik alleges support his claim of discrimination. *See* Ventor Aff. at Ex. 1. Specifically, his alleged disabilities include (1) a 2002 torn meniscus, which kept him out of work for three weeks; (2) an anxiety disorder as a result of a hostile work environment; (3) a 2006 elbow injury that forced him to "have his duties restricted temporarily," (4) tests for potential heart problems; (5) a 2006 bout of heel pain; (5) a pneumonia while on vacation in 2008; and (6) the 2009 colonoscopy addressed in this motion. In his complaint, Brtalik alleges that he was denied a reasonable accommodation after suffering each of the above disabilities. He also alleges retaliation after engaging in activities protected by the ADA.

His EEOC Charge also described a purported First Amendment claim arising from the harassment and retaliation he claims to have endured for speaking out on a matter of public concern. Brtalik claimed, in this regard, that he made protected statements about a co-worker comprising of correspondence he sent to administrators complaining about the co-worker's job performance. Specifically, Brtalik advised District Administrators that his co-worker had lost a key to the high school projection booth making it possible for students to injure themselves or steal School property.[4] *See* 10/6/2010 Memorandum and Order at 3. On October 23, 2009,

---

[3]The plaintiff disputes the defendant's assertion of this fact based on procedural grounds notwithstanding the fact that the statement is taken verbatim from the complaint.

[4]In his complaint, Brtalik claimed that his statements to the School District advising them of his co-worker's conduct and the fact that his co-worker was creating a hostile work

Brtalik received a right to sue letter.

On January 20, 2010, Brtalik commenced the instant action alleging a Section 1983 retaliation claim for the exercise of his First Amendment right to speak as to matters of public concern, an ADA claim discrimination/failure to accommodate claim and an ADA retaliation claim. On March 10, 2010, the School District requested a pre-motion conference before the District Judge seeking permission to file a motion to dismiss. In its letter, the School District outlined several deficiencies in the complaint including the fact that a vast majority of the allegation were barred by the statute of limitations. In response, Brtalik indicated that he "agree[d] that the § 1983 statute of limitations is three (3) years and the statutory requirement is 300 days to file an EEOC charge." Accordingly, the court granted the School District leave to move to dismiss the complaint except with respect to the statute of limitations issue which was not controverted. *See* 4/8/2010 Order.

On October 6, 2010, the court granted, in part, the School District's motion dismissing any state law claims for failure to file the statutory notice of claim, the Section 1983 First Amendment claim, and any ADA claims based upon perceived disability. The court denied the motion with respect to the ADA discrimination/failure to accommodate claim and the ADA retaliation claim. On May 27, 2011, the defendant submitted its motion for summary judgment on the remaining claims.[5] In his opposition to the defendant's motion, Brtalik withdrew his

---

environment were protected by the First Amendment. Brtalik also claimed First Amendment protection for advising the School District that, when asked to do so, he refused to make copies of copyrighted material. *See* 10/6/2010 Memorandum and Order at 3.

[5]In its October 6, 2011 Memorandum and Order, the District Court recited the complete list of disabilities initially forming the basis of Brtalik's ADA discrimination case notwithstanding the fact that it had previously ruled that any violations barred by the statute of

claims that the School District discriminated against him due to his actual disability and/or record of impairment and his claim for ADA retaliation, leaving only the reasonable accommodation claim. *See* Pls. Mem at 1.

The plaintiff then cross-moved for partial summary judgment on the remaining claim arguing for the first time that his "acute hemorrhoids" were the disabling condition that form the basis of his reasonable accommodation claim, not the 2009 colonoscopy procedure alleged in his complaint.

## DISCUSSION

**I.      Summary Judgment Standards**

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d

---

limitations would not be considered by the court. As a result, the defendant included arguments in its motion papers concerning the validity of all of the violations including those dating as far back as 2002. Recognizing that any claims occurring prior to October 31, 2008 were barred, Brtalik's papers only address the 2009 procedure. *See* Pl's. Mem. in Opp. at 1. It is clear that the only "disability" currently at issue is the 2009 colonoscopy/polypectomy.

Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)); *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989)).

Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting FED. R. CIV. P. 56(e)). The nonmoving party cannot survive summary judgment by casting mere "metaphysical doubt" upon the evidence produced by the moving party. *Matsushita*, 475 U.S. at 586. Summary judgment is appropriate when the moving party can show that "little or no evidence may be found in support of the nonmoving party's case." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted). However, "the judge's role in reviewing a motion for summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The Court will apply these principles to the plaintiff's ADA claim.

## II.     Brtalik's Reasonable Accommodation Claim

The ADA prohibits employment discrimination by a "covered entity . . . against a qualified individual on the basis of disability in regard to . . . discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Employers of persons with disabilities are required to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. §§ 12112(b)(5)(A); 29 C.F.R. § 1630.9(a). In order to establish a prima facie case of disability discrimination for failure to accommodate under the ADA, an employee has the burden to demonstrate that: "(1) [he] is a person with a disability

under the meaning of the ADA; (2) an employer covered by the statute had notice of [his] disability; (3) with reasonable accommodation, [he] could perform the essential functions of the job at issue; and (4) the employer refused to make such accommodation." *Fahey v. City of New York,* 2012 U.S. Dist. LEXIS 15104 * 16 (E.D.N.Y. Feb. 7, 2012). Here, the School District does not dispute that it is a covered entity subject to the ADA. Rather, the School District maintains that Brtalik fails to meet this burden because he is not disabled within the meaning of the ADA and was not qualified to perform the essential functions of his job.

Under the ADA, a person is disabled if he has: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment." *See* 42 U.S.C. § 12102(1). On January 4, 2008, Congress modified "the standard by which courts assess whether a person has a disability under the ADA." *See Villanti v. Cold Spring Harbor Central School District,* 733 F. Supp. 2d 371, 377 (E.D.N.Y. 2010). The ADA Amendments (the "ADAA') broaden the definition of disability and the class of major life activities protected by the ADA stating that the definition is to "be construed in favor of broad coverage of individuals . . . to the maximum extent permitted by the terms of [the] Act."[6] 42 U.S.C. § 12102(4).

The ADA does not define the terms "physical impairment" or "substantially limits." However, the EEOC regulations implementing the ADA do provide guidance concerning the interpretation of the statute. *See Negron v. City of New York,* 2011 U.S. Dist. LEXIS 119463 *32

---

[6]The ADAA overturned the Supreme Court's holdings in *Sutton v. United Air Lines,* 527 U.S. 471 (1999) and *Toyota Motor Manufacturing v. Williams,* 534 U.S. 182 (2002), which has strictly construed the meaning of "substantially limits" and "major life activities." *Villanti,* 733 F. Supp. 2d at 377.

7

(E.D.N.Y. Sept. 14, 2011).  The EEOC regulations define physical impairment, in pertinent part, as:

> [a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine.

29 C.F.R. § 1630.2(h)(1).  "Following the 2008 Amendments, the EEOC regulations define 'substantially limits," in part, as follows:

> (ii) An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section.
>
> (iii) The primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether an individual's impairment substantially limits a major life activity. Accordingly, the threshold issue of whether an impairment "substantially limits" a major life activity should not demand extensive analysis.
>
> (vii) An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.

*Negron,* 2011 U.S. Dist. LEXIS at * 32 (citing 29 C.F.R. § 1630.2(j)(1)).  The term "major life activities" are described in the statute.  These activities include:

> (A) . . . caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

> (B) Major bodily functions. For purposes of paragraph (1), a major
> life activity also includes the operation of a major bodily function,
> including but not limited to, functions of the immune system,
> normal cell growth, digestive, bowel, bladder, neurological, brain,
> respiratory, circulatory, endocrine, and reproductive functions.

42 U.S.C. § 12102(2).

In his complaint, Brtalik maintains that he was disabled within the meaning of the ADA based on his 2009 colonoscopy.  *See* Complaint at ¶ 52.  "While Congress undoubtedly intended to broaden the scope of the ADA . . . it remains the case that not every impairment is a disability." *Brandon v. O'Mara,* 2011 U.S. Dist LEXIS 112314 * 19 (S.D.N.Y. Sept. 28, 2011). This is certainly the case here where the alleged impairment does not even constitute a disorder, condition, cosmetic disfigurement or anatomical loss.  "Indeed, the revised EEOC regulations provide that '[a]n impairment is a disability . . . if it substantially limits the ability of the individual to perform a major life activity *as compared to most people in the general population*." *Id.* (citing 29 C.F.R. § 1630.2(j)(1)(ii))(emphasis added).  Brtalik's attempt to characterize a routine, diagnostic, out-patient procedure, or any related minor discomfort, as a disability within the meaning of the ADA is simply absurd.

Even more troubling is the plaintiff's eleventh-hour attempt to salvage this litigation by re-characterizing his disability as "acute hemorrhoids, on a continuous, episodic basis, for 15 years." Pls. Mem. in Support at 7.  It is well settled in this Circuit that a party may not raise a factual allegation for the first time on summary judgment.  *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).  Yet, Brtalik contends that his failure to describe his disability as a hemorrhoid condition or indeed to even mention his hemorrhoids in either his complaint, the EEOC Charge, or the motion practice to date should simply be disregarded by the Court.  Brtalik

9

argues that the School District had notice of his new disability claim given the fact that he had provided them with "the name and contact information of his treating physician; access to all of his medical records supporting his physical condition; and release authorizations so that the Defendant itself could obtain those medical records." Pls. Mem. In Support at 2.  In short, Brtalik argues that the defendants should have been able to deduce from discovery the true nature of his alleged  disability. The court disagrees. *See Hare v. Hayden,* 2011 U.S. Dist. LEXIS 40683 *12, n.1 (S.D.N.Y. Apr. 14, 2011)(retaliation allegations referenced at depositions and other filings but not contained in complaint were dismissed)

      Brtalik has failed to demonstrate that he is an individual with a disability within the meaning of the ADA.   Accordingly, having failed to establish a prima facie case, the defendant's motion for summary judgment on the plaintiff's reasonable accommodation claim is granted and the plaintiff's motion for partial summary judgment is denied.  The Clerk of Court is directed to close this case.

Dated: Central Islip, N.Y.  
       March 8, 2012

**SO ORDERED**

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge